IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA K. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-3022-CV-S-DW-SSA |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Sandra K. Hall appeals the denial of her application for disability insurance benefits and supplemental security income. See 42 U.S.C. §§ 401 et seq.; 42 U.S.C. §§ 1381 et seq. She asserts a disability caused by spina bifida, spinal arthritis, diabetes, poor circulation, failing eyesight, and asthma. After a hearing, an ALJ found that Hall was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the commissioner. This Court reverses and remands for reconsideration.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The Court has carefully reviewed the record, including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence. Most of the ALJ's findings are clearly supported. However, the ALJ's failure to afford *any* credit to the opinions of the treating physician, Dr. Zolkowski, as to Hall's physical limitations, is not supported by the record. It seems that the licensed medical doctor who saw Hall many times over a year is uniquely qualified to judge her complaints of pain. See Flanery v. Chater, 112 F.3d 346, 350 (8th Cir. 1997) ("A patient's report of complaints, or history, is an essential diagnostic tool."); Dolph v. Barnhart, 308 F.3d 876, 878-79 (8th Cir. 2002) (absent a good reason, an ALJ is required to give substantial weight to the conclusion of a treating physician). The Court will remand the case for reconsideration, with instructions to give adequate weight to the opinion (physical) of the treating physician.

Therefore, the Court hereby REVERSES the decision of the commissioner, and ORDERS that this case is REMANDED pursuant to 42 U.S.C. § 405(g), sentence 4, for further proceedings consistent with this Order. The Clerk of Court is directed to enter a final judgment pursuant to Federal Rule 58.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: September 7, 2006